UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ISAIAH BROWN #484623, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09-cv-42 |
| | ) | |
| v. | ) | HON. R. ALLAN EDGAR |
| | ) | |
| JOHN KIMSEL, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.       Factual Allegations

Plaintiff Isaiah Brown #484623, an inmate at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Physician Assistant John Kimsel, Nurse Practitioner Dan Johnson, Dr. Michael Jenkins, Dr. Michael R. Engelsgjerd, R.N. Jeannie Stephenson, and Nurse Practioner John Doe. Plaintiff alleges in his complaint that he was shot in the upper back during his arrest and the bullet was never removed. Plaintiff states that in January of 2008, he began feeling an intermittent sharp pain in his upper back in the area of his shoulder blade. Plaintiff was able to see the area in the mirror and observed a large lump. Plaintiff did not report this to any medical personnel at this time.

In March of 2008, after the lump had gotten worse and the pain had become constant, Plaintiff filed a medical kite. In May of 2008, Plaintiff was placed in administrative segregation. By this time, the lump was causing unbearable pain and had spread over his whole upper right shoulder area. Plaintiff states that there was as large bubble of pus over the bullet entry point and that he could not lay on his back. Plaintiff states that he personally stopped Defendant Engelsgjerd and requested assistance on three occasions. The first two times, Defendant Engelsgjerd told Plaintiff that he would place him on sick call. On the third occasion, Defendant Engelsgjerd actually examined the area and placed Plaintiff on a call out list. However, Plaintiff states that he was never called out for an appointment.

In June of 2008, Plaintiff was back in the general population and spoke with Defendants Johnson and Stephenson during rounds. Plaintiff showed Defendants Johnson and Stephenson his wound and they stated that he would be placed on the callout list. After not being

called out, Plaintiff filed a grievance on Defendants Johnson and Stephenson. In July of 2008, blood and pus began leaking from the wound down Plaintiff's back. Defendant John Doe cleaned the area and bandaged it, assuring Plaintiff that he would be called out for treatment.

On August 5, 2008, Plaintiff spoke to Case Manager C. Mullen and showed her the wound. Mullen immediately contacted the medical office and Plaintiff was seen by Defendant Jenkins. Defendant Jenkins told Plaintiff that the bullet was tearing its way through Plaintiff's flesh and needed to be removed. Plaintiff was placed on callout for the following day, but on August 6, 2008, his callout was canceled. On August 7, 2008, Plaintiff was in the yard when he felt a burning sensation in his right shoulder. Plaintiff pressed his back up against a dip bar and the bullet popped out through his skin. An officer noticed blood on Plaintiff's back and sent Plaintiff to medical, where his wound was cleaned and dressed. Plaintiff was told that he would receive antibiotics for an infection in the area, but Plaintiff never received any new dressing or follow-up procedure.

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. Plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more

than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

In this case, Plaintiff claims that Defendants failed to take appropriate action to remove the bullet from his back from March of 2008, until August 7, 2008. The step I response to Plaintiff's step I grievance states:

> The grievant was interviewed cellside B=16 on August 15, 2008 at 1:05 p.m. File review indicates inmate was scheduled for excision of

> bullet on 8/6/08. The bullet from the Rt. Scapular area had spontaneously erupted prior to appointment. The MSP exam was negative for infection; however an antibiotic was prescribed prophetically [sic][1]. The prisoner was instructed to kite health care to report pain, redness, or drainage. There have been no subsequent kites. This grievance is resolved.

(*See* Grievance MBP 08080139612D1, attached to Plaintiff's complaint.)

As noted above, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Plaintiff did receive some treatment in this case, and appears to be complaining that Defendants did not take swift enough action to remove the bullet, causing increased risk of complications. However, Plaintiff's condition does not appear to have been life threatening. Nor does Plaintiff claim to have suffered any continuing problems as a result of the bullet spontaneously popping out of his back. Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). Moreover, Plaintiff's medical concern appears to have been of a non-serious need for medical care," *Blackmore*, 390 F.3d at 898. Therefore, Plaintiff's failure to show

---

[1] The court assumes that the respondent intended to state that the antibiotics were prescribed as a prophylactic.

that he suffered a detrimental effect as the result of the delay in medical treatment requires dismissal of his Eighth Amendment claims. *Napier*, 238 F.3d at 742.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:      5/5/09             */s/ R. Allan Edgar*
                               R. ALLAN EDGAR
                               UNITED STATES DISTRICT JUDGE